UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACOB AND SHARON BORDETSKY<br><br>        Plaintiffs,<br><br>   v.<br><br>AKIMA LOGISTICS SERVICES,<br>LLC, et al.<br><br>        Defendants. | Civil Action No.<br><br>14-1786  (NLH/JS)<br><br><br>OPINION |

**APPEARANCES:**

Sal B. Daidone, P.A., Esquire
102 South Burnt Mill Road
Voorhees Township, NJ 08043
    *Attorney for Plaintiffs*

John M. Nolan, Esquire
Katharine Thomas Batista, Esquire
Jackson Lewis P.C.
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
    *Attorneys for Defendant Akima Logistics Services, LLC*

**HILLMAN, District Judge**

    Before the Court is defendant's motion to dismiss plaintiffs' complaint.  This case was removed from state court, and the parties appear to have assumed federal jurisdiction based on the federal enclave doctrine.  However, it is not clear based on the facts alleged and the claims asserted here, that

the federal enclave doctrine applies.  Therefore, defendant's motion to dismiss will be denied without prejudice and the parties will be directed to provide briefing to the Court in support of their application of the federal enclave doctrine and the assertion of this Court's jurisdiction.

I.   BACKGROUND

Plaintiffs filed a complaint in the Superior Court of New Jersey, Law Division, Camden County.  Defendant Akima Logistics Services, LLC ("Akima") filed a notice of removal.  Akima removed the matter to this Court on grounds of federal enclave jurisdiction pursuant to Article I, Section 8, Clause 17 of the United State Constitution.

Akima is a federal contractor that provides "role players" for the U.S. Army's live action operational training to prepare soldiers for deployment in hostile environments.  In November 2010, Akima employed co-defendant Abdulrahim Sulaiman.  Sulaiman was a U.S. Army contractor who served as a foreign language speaker trainer at Fort Dix, New Jersey, and who resided at Fort Dix.

Sulaiman, while off-duty, physically attacked plaintiff Jacob Bordetsky[1] outside the confines of Fort Dix at a Valero gas station in Mansfield, New Jersey.[2]  Plaintiffs allege that Akima was negligent in its hiring and supervision of Sulaiman.[3]

---

[1]   Plaintiff singular or "Bordetsky" refers to Jacob Bordetsky.

[2]   The same plaintiffs, Jacob and Sharon Bordetsky, filed a complaint against the same defendants, Abdulrahmin Sulaiman and Akima Logistics Services LLC, as well as against defendant United States, in an earlier action before this Court (Civil Action No. 13-1102), alleging the same set of facts.  In that case, the United States filed a motion to dismiss which the Court granted on grounds that it lacked subject matter jurisdiction over the United States because the United States did not waive its sovereign immunity for Mr. Bordetsky's claims, or for Mrs. Bordetsky's derivative loss of consortium claim.  Plaintiffs did not oppose the United States' motion to dismiss, and they failed to meet their burden of proof that jurisdiction existed.  See Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

Following the grant of the United States' motion to dismiss, the Court ordered plaintiffs to show cause as to why their state law claims against the remaining non-federal government defendants should not be dismissed for lack of subject matter jurisdiction.  Plaintiffs failed to respond to the Court's Order resulting in dismissal of that case.  Apparently, plaintiffs then filed their claims against Sulaiman and Akima in state court.  Akima then removed plaintiffs' state action to federal court.  Thus, we are faced with the same jurisdictional issue as before.  The only difference is that Akima now has the burden of demonstrating jurisdiction since it removed the case from state court.

[3] Although the specific facts are not alleged in the complaint, in the previous action, the United States attached newspaper articles to their motion which stated that Mr. Bordetsky was filling the gas tanks of a Valero gas station in Mansfield, New Jersey when Sulaiman exited the restroom and stabbed Bordetsky with a knife in the neck, shoulder and back; that on May 11, 2012, Sulaiman, an Iraqi citizen, was sentenced to seven years

After removing the case to federal court, Akima filed a motion to dismiss.  Akima argues that plaintiff's state law negligent hiring/supervision/retention claims are barred by the federal enclave doctrine, which jurisdictionally bars state law claims arising on a federal enclave.  Defendants further argue that Bordetsky's wife's state law loss of consortium claim must be dismissed because it is a derivative claim of plaintiff's state law negligence claims.

The Court will not reach the merits of defendant's motion to dismiss at this time.  Before the Court can rule on the motion to dismiss, it must be clear that it can exercise jurisdiction over the parties.

## II.   FEDERAL ENCLAVE DOCTRINE

This matter was removed on the basis of federal question jurisdiction.  See 28 U.S.C.A. § 1441 ("...any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant").  Defendants assert that removal is warranted because plaintiffs' claims against defendants concern Sulaiman's employment at Fort Dix, a federal enclave.  Under the federal

---

in prison after pleading guilty to aggravated assault; and that Sulaiman stated that he had used a lot of PCP before the attack and could not explain why he stabbed Mr. Bordetsky.

enclave doctrine, "[p]ersonal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as a part of federal question jurisdiction." Akin v. Ashland Chemical Co., 156 F.3d 1030, 1034 (10th Cir. 1998); see Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1250 (9th Cir. 2006) ("Federal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves.'").

There is no dispute that Fort Dix is a federal enclave. See Manning v. Gold Belt Falcon, LLC, 681 F.Supp.2d 574, 576 (D.N.J. 2010) (The State of New Jersey ceded exclusive jurisdiction over Fort Dix to the federal government in 1938). There is also no dispute over the facts that Sulaiman, an employee of Akima, physically attacked Bordetsky at a Valero gas station in Mansfield, New Jersey.  The dispute is over a question of law: whether the federal enclave doctrine applies to a negligent hiring/supervision/retention claim against an off-duty employee of a federal contractor and his employer, where the underlying tort occurred off federal land.

When dealing with a federal enclave, the focus is on where the tort occurred. See In re High-Tech Employee Antitrust Litigation, 856 F.Supp.2d 1103, 1125 (N.D.Cal. 2012) ("federal enclave doctrine only applies when the locus in which the claim

5

arose is the federal enclave itself."); Totah v. Bies, 2011 WL 1324471, *2 (N.D.Cal. 2011) (focusing on where "substance and consummation of the tort" occurred in determining whether a tort claim arose on a federal enclave). There is general agreement in the case law that employees of contractors operating on federal enclaves who bring employment claims against their employers are subject to the federal enclave doctrine. See Manning, 681 F.Supp.2d at 575 (plaintiffs alleged they were not adequately paid for work performed on the federal enclave); Stiefel v. Bechtel Corp., 497 F.Supp.2d 1138, 1148 (S.D.Cal. 2007) (plaintiff alleged he was injured while working for contractor on federal enclave). The common thread is that if the employee's claim arose out of his employment at a federal enclave, then the doctrine applies. See Morris v. Eberle & BCI, LLC, No. 13-6113, 2014 WL 4352872, at *3 (D.N.J. Sept. 3, 2014) (finding that federal enclave doctrine barred NJLAD claim by employee of contractor working at Fort Dix because NJLAD was enacted seven years after Fort Dix land was ceded to federal government).

Here, plaintiff is not the employee, and the events of the assault clearly did not occur on the federal enclave. Defendants argue in support of their motion to dismiss that plaintiff's claim for negligent hiring/supervision/retention is

6

related to Sulaiman's employment at Fort Dix and therefore implicitly argue as a jurisdictional matter that this would provide the necessary link.  They cite to cases in which even though the plaintiff was terminated while on leave, federal enclave jurisdiction applied nonetheless.  See Taylor v. Lockheed Martin Corp., 78 Cal.App.4th 472, 481 (Cal.App. 2 Dist. 2000) (rejecting argument that plaintiff's wrongful termination claim should not be barred by the federal enclave doctrine because plaintiff was terminated while he was on paid suspension and therefore not working on the enclave).

    In the cases relied upon by defendants, however, it is the employee, a federal contractor working on a federal enclave, who seeks to sue his employer, for workplace issues.  Here, it is not a federal contractor suing his employer.  It is a third-party suing a federal contractor and his employer.  It does not involve an employee's work place claims, or the employee's termination.  Rather, it involves a federal employee's assault on an unrelated third which occurred at a New Jersey gas station away from the federal enclave.

    Since defendants removed this matter from state court, it is incumbent upon them to establish subject matter jurisdiction.  And, because federal courts are courts of limited jurisdiction, both the Supreme Court of the United States and the Third

Circuit Court of Appeals have recognized that removal statutes are to be strictly construed against removal and all doubts must be resolved in favor of remand.  See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citing Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)); see also Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).  The Third Circuit has also repeatedly held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."  Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007); see also S. Freedman and Co., Inc. v. Raab, 180 Fed. Appx. 316, 320 (3d Cir. 2006) (citation omitted) (stating that the Court has an independent obligation to determine subject matter jurisdiction, and it is well-established that "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference").[4]

---

[4]  The plaintiff has stated in his response to the motion to dismiss that the federal enclave doctrine does not apply, but does not take the next step and argue that this matter was improperly removed.  Stated differently, if plaintiff is correct and the federal enclave doctrine does not apply, he should have

8

Defendants have not clearly established that the federal enclave doctrine applies under the specific facts in this case. Although the parties have provided some briefing on the doctrine, the Court will permit them to submit limited, supplemental briefing on the specific issue of whether this Court can exercise subject matter jurisdiction in this case based on the federal enclave doctrine.[5]

Accordingly, the Court will enter an Order directing the parties to file supplemental briefing on this issue. The motion to dismiss will be denied without prejudice.

                                                 s/Noel L. Hillman
                                          NOEL L. HILLMAN, U.S.D.J.

Date:  December 16, 2014

At Camden, New Jersey

---

moved to remand. Plaintiff cannot consent to the jurisdiction of this Court. See S. Freedman, 180 Fed. Appx. at 320; Martin v. Wal-Mart Stores, Inc., 709 F.Supp.2d 345, 350 n. 5 (D.N.J. 2010) (parties cannot by stipulation confer subject matter jurisdiction on the federal courts, nor can a party consent to jurisdiction).

[5] The additional briefing should focus on whether this matter was improvidently removed. The parties need not repeat their arguments regarding the application of the federal enclave doctrine, if they choose not to, but should focus their arguments on the issue of subject matter jurisdiction.