UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACOB AND SHARON BORDETSKY, <br><br> Plaintiffs, <br><br> v. <br><br> AKIMA LOGISTICS SERVICES, LLC, et al., <br><br> Defendants. | Civil Action No. <br><br> 14-1786  (NLH/JS) <br><br><br> OPINION |

**APPEARANCES:**

Sal B. Daidone, P.A., Esquire
102 South Burnt Mill Road
Voorhees Township, NJ 08043
    *Attorney for Plaintiffs*

John M. Nolan, Esquire
Katharine Thomas Batista, Esquire
Jackson Lewis P.C.
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
    *Attorneys for Defendant Akima Logistics Services, LLC*

**HILLMAN, District Judge**

The following Opinion addresses the parties' response to the Court's Order to Show Cause [Doc. No. 14] concerning whether or not the Court has federal enclave jurisdiction. For the reasons that follow, the Court finds that it does not have federal enclave jurisdiction over Plaintiffs' claims and therefore the case must be remanded.

I.  **BACKGROUND**

As set forth in the Court's December 16, 2014 Opinion, Plaintiffs filed a complaint in the Superior Court of New Jersey, Law Division, Camden County on January 13, 2014. Defendant Akima Logistics Services, LLC ("Akima") removed the matter to this Court on grounds of federal enclave jurisdiction pursuant to Article I, Section 8, Clause 17 of the United State Constitution.

Akima is a private company and federal contractor that provided "role players" for the U.S. Army's live action operational training to prepare soldiers for deployment in hostile environments.  In November 2010, Akima employed co-defendant Abdulrahim Sulaiman ("Sulaiman").  As an Akima employee, Sulaiman resided at Fort Dix where he served as a foreign language speaker and trainer.

On August 5, 2011, Sulaiman, while off-duty, physically attacked Plaintiff Jacob Bordetsky ("Plaintiff") outside the confines of Fort Dix at a Valero gas station in Mansfield, New Jersey.  Plaintiff alleges that Akima was negligent in its hiring and supervision of Sulaiman.

After removing the case to federal court, Akima filed a motion to dismiss.  Akima argued that Plaintiff's state law negligent hiring/supervision/retention claims are barred by the

federal enclave doctrine, which jurisdictionally bars state law claims arising on a federal enclave.  Akima further argued that the state law loss of consortium claim must be dismissed because it is a derivative claim of Plaintiff's state law negligence claims.

The Court declined to address the merits of Akima's motion to dismiss because it was unclear whether the Court had jurisdiction to hear the case.  See Dec. 16, 2014 Op. [Doc. No. 13].

   I.   **FEDERAL ENCLAVE DOCTRINE**

This matter was removed on the basis of federal question jurisdiction.  See 28 U.S.C.A. § 1441 ("...any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant").  Akima asserts that removal is warranted because Plaintiff's claims against Defendants concern Sulaiman's employment at Fort Dix, a federal enclave.  Under the federal enclave doctrine, "[p]ersonal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as a part of federal question jurisdiction."  Akin v. Ashland Chemical Co., 156 F.3d 1030, 1034 (10th Cir. 1998); see Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1250 (9th Cir. 2006) ("Federal courts have federal

question jurisdiction over tort claims that arise on 'federal enclaves.'").

There is no dispute that Fort Dix is a federal enclave. See Manning v. Gold Belt Falcon, LLC, 681 F. Supp. 2d 574, 576 n.3 (D.N.J. 2010) (the State of New Jersey ceded exclusive jurisdiction over Fort Dix to the federal government in 1938). There is also no dispute that Sulaiman, an employee of Akima, physically attacked Plaintiff at a Valero gas station in Mansfield, New Jersey. The dispute is over a question of law: whether the federal enclave doctrine applies to a negligent hiring/supervision/retention claim against an off-duty employee of a federal contractor and his employer, where the underlying tort occurred off federal land.

When dealing with a federal enclave, the focus is on where the tort occurred. See In re High-Tech Employee Antitrust Litigation, 856 F. Supp. 2d 1103, 1125 (N.D. Cal. 2012) ("federal enclave doctrine only applies when the locus in which the claim arose is the federal enclave itself."); Totah v. Bies, 2011 WL 1324471, at *2 (N.D. Cal. 2011) (focusing on where "substance and consummation of the tort" occurred in determining whether a tort claim arose on a federal enclave). There is general agreement in the case law that employees of contractors operating on federal enclaves who bring employment claims against their employers are subject to the federal enclave

4

doctrine.  See Manning, 681 F. Supp. 2d at 575 (plaintiffs alleged they were not adequately paid for work performed on the federal enclave); Stiefel v. Bechtel Corp., 497 F. Supp. 2d 1138, 1148 (S.D. Cal. 2007) (plaintiff alleged he was injured while working for contractor on federal enclave).  The common thread is that if the employee's claim arose out of his employment at a federal enclave, then the doctrine applies.  See Morris v. Eberle & BCI, LLC, No. 13-6113, 2014 WL 4352872, at *3 (D.N.J. Sept. 3, 2014) (finding that federal enclave doctrine barred NJLAD claim by employee of contractor working at Fort Dix because NJLAD was enacted seven years after Fort Dix land was ceded to federal government).

Akima argues that despite this fact, Plaintiff's claim for negligent hiring/supervision/retention are related to Sulaiman's employment at Fort Dix and therefore implicitly argue as a jurisdictional matter that this would provide the necessary link.  Akima cites to cases in which even though the plaintiff was terminated while on leave, federal enclave jurisdiction applied nonetheless.  See Taylor v. Lockheed Martin Corp., 78 Cal. App. 4th 472, 481 (Cal. App. 2 Dist. 2000) (rejecting argument that plaintiff's wrongful termination claim should not be barred by the federal enclave doctrine because plaintiff was terminated while he was on paid suspension and therefore not working on the enclave).

Here, however, Plaintiff is not an employee seeking to sue Akima for workplace related issues as in the cases discussed above. Rather, Plaintiff is an unrelated third party seeking to sue a private entity, which contracted with the federal government, for its hiring practices. Plaintiff's claims are not related to his workplace or termination. Thus, the Court finds the cases cited by Akima distinguishable.

Indeed, none of the facts giving rise to Plaintiff's negligent supervision claim arose on a federal enclave. Akima is a private company and federal contractor who hired Sulaiman. Akima provided no basis from which to conclude that the tort of negligent hiring occurred on a federal enclave. In re High-Tech Employee Antitrust Litigation, 856 F. Supp. 2d 1103, 1125 (N.D. Cal. 2012) ("federal enclave doctrine only applies when the locus in which the claim arose is the federal enclave itself."); Totah v. Bies, 2011 WL 1324471, *2 (N.D. Cal. 2011) (focusing on where "substance and consummation of the tort" occurred in determining whether a tort claim arose on a federal enclave). Further, it is undisputed that the underlying tort, the assault, occurred on private property and was inflicted on a private individual.

Akima, as the party asserting jurisdiction has failed to meet its burden of showing that federal enclave jurisdiction applies. Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir.

6

2007). While this case certainly concerns unusual circumstances, because federal courts are courts of limited jurisdiction, both the Supreme Court of the United States and the Third Circuit Court of Appeals have recognized that removal statutes are to be strictly construed against removal and all doubts must be resolved in favor of remand. See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citing Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)); see also Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987). For these reasons, the Court will enter an Order of Remand.

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

Date: February 16, 2016

At Camden, New Jersey

7